HART vs. HART.

1. The birth of a posthumous child revokes a will.
2. An owner of property died leaving a will, which was probated, and letters of administration with the will annexed were granted; the administrator made oath and gave bond for a faithful execution of the will according to law. After the death of the testator, a posthumous child was born to him:

*Held*, that the birth of the child revoked the will, and also worked a revocation of the letters of administration. The oath bound the administrator, and the bond bound him and his sureties, for his faithful execution of the will, but they were not bound for the administration of the estate as in cases of intestacy; and when an intestacy was declared by the revocation of the will, the matter, as to the administration of the estate, stood precisely where it would have originally stood, had there been no will.

September 25, 1883.

Wills. Administrators and Executors. Before Judge FORT. Schley Superior Court. March Term, 1883.

Reported in the decision.

B. B. HINTON, for plaintiff in error.

E. M. BUTT; GUERRY & SONS, for defendant.

BLANDFORD, Justice.

Isaac Hart having died, leaving his last will and testament, the same was probated by the court of ordinary, and no executor having been named in said will, letters of administration were granted to Samuel G. Hart by said court, who gave bond with security as the law directs. After this, there was a posthumous child born to Isaac Hart, testator. Upon application to the court of ordinary, the will was set aside and an intestacy declared, and the letters of ad-

ministration granted to Samuel G. Hart were revoked. This judgment of the court of ordinary was carried by appeal to the superior court, which latter court affirmed the proceedings had before the court of ordinary, and this action of the superior court is the subject of complaint now here before this court.

The birth of a posthumous child revoked the will of Isaac Hart, the testator. But the plaintiff in error insists that it does not revoke the letters of administration *cum testamento annexo* granted to Samuel G. Hart, the plaintiff in error.

The oath of this administrator required him to execute the will annexed to his letters. The bond which he gave bound him and his sureties for the faithful execution of the will according to law, and he and his sureties were not bound for the administration of the estate of said Isaac as in cases of intestacy; and where there was an intestacy declared by the revocation of this will, the matter as to the administration of this estate stood precisely where it would have originally stood had there been no will. The judgment of the superior court was in accordance with these views, and the same is hereby affirmed.

Judgment affirmed.